UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK M. COYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV2202 CDP |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 63209), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will order plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $43.33, and an average monthly balance of $13.30. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at St. Louis County Justice Center, brings this action against the Internal Revenue Service ("IRS") asserting that it should not have assessed him a 10% early-withdrawal penalty on the funds he withdrew from his retirement account in 1998. Plaintiff asserts that he should be exempt from paying the penalty because he was "disabled" and undergoing treatment for major depression and alcohol abuse. Specifically, plaintiff complains that the IRS' actions in assessing the penalty violated their own rules governing medical illnesses.

**Discussion**

It is not apparent from plaintiff's complaint whether he is seeking a refund from the IRS for money previously paid or if he is contesting a judgment by the IRS relating to his failure to pay. In any event, the IRS as an agency cannot be subject to a civil suit such as this. See Krouse v. United States Gov't Treasury Dep't IRS, 380 F.Supp. 219, 221 (citing Blackmar v. Guerre, 342 U.S. 512 (1952)); see also, United State v. Dalm, 494 U.S. 596, 608 (1990). "When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity." Blackmar, 342 U.S. at 515. Absent express statutory authority from Congress, dismissal is required because the "[d]istrict courts lack subject matter jurisdiction over the claims against the

Government to which Congress has not consented." Miller v. Tony & Susan Alamo Foundation, 134 F.3d 910, 915-16 (8th Cir. 1998); see also, United States v. Mitchell, 445 U.S. 535, 538 (1980). Because the IRS cannot be subject to suit, a case against the agency must be dismissed because this Court does not have jurisdiction over the claims.

Even if plaintiff had filed suit against the proper defendant, the United States, the Court notes that it appears that plaintiff has failed to exhaust his administrative remedies with respect to his claim. Section 7422 of Title 26 of the United States Code states, in pertinent part:

> (a) No suit prior to filing claim for refund.-No suit or proceeding shall be maintained in any court fo the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Thus, before the Court has jurisdiction to decide a tax refund case, the plaintiff must pay the income taxes assessed and file an administrative claim for a refund with the IRS. 26 U.S. § 7422; see also, Vintilla v. United States, 931 F.2d 1444, 1445 (11th Cir. 1991). If the administrative claim is denied, the taxpayer may then file a tax refund suit in the district court within the time constraints provided by 26 U.S.C. §

6532(a)(1). Compliance with these requirements is jurisdictionally required of the taxpayer before initiating suit.

In the instant case, the complaint fails to state any facts to meet the jurisdictional requirements of the statute. Plaintiff does not assert that he has filed a timely claim for a refund or that he has complied with the time constraints set forth in 26 U.S.C. § 6532(a)(1). Thus, to the extent that this can be construed as a refund action, this Court appears to lack subject matter jurisdiction to decide the claim.

In light of the aforementioned, plaintiff will be required to show cause, within thirty (30) days of the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction. In his response, plaintiff should address the exhaustion of his administrative remedies and the timeliness of the instant action in light of 26 U.S.C. § 6532(a)(1).

Lastly, plaintiff's request for appointment of counsel will be denied at this time, without prejudice, as the Court does not believe that the factual and legal issues involved in this action are complex, and it is not yet apparent whether plaintiff has presented non-frivolous allegations supporting his request for relief. See, e.g., Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $8.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, within thirty (30) days from the date of this Order, why his complaint should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

Dated this 21st day of December, 2010.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE