UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK M. COYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV2202 CDP |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's response to the order to show cause. Having carefully reviewed plaintiff's response, the Court will dismiss this action for lack of jurisdiction.

On December 21, 2010, the Court ordered plaintiff to show cause as to why the Court should not dismiss his action against the Internal Revenue Service ("IRS") for lack of jurisdiction. In his lawsuit, plaintiff asserts that the IRS should not have assessed him a 10% early-withdrawal penalty on the funds he withdrew from his retirement account in 1998. As the Court noted in its Order to Show Cause, the proper defendant is the United States in an action regarding a tax refund. However, even if plaintiff had filed his lawsuit against the proper defendant, the United States, he is still required to exhaust their administrative

remedies with respect to his claims for an erroneous assessment, as set forth in 26 U.S.C. § 7422.

Pursuant to § 7422, a taxpayer may only file suit for a refund after the taxpayer has paid the taxes assessed and filed an administrative claim for a refund. If the administrative claim is denied, the taxpayer may then file a tax refund suit in the district court, but only within the time constraints provided in 26 U.S.C. § 6532(a)(1). Compliance with these requirements is jurisdictionally required of the taxpayer before initiating the lawsuit.

Plaintiff states in a conclusory manner that this Court has jurisdiction over his suit because he has asked for administrative review "with either no response, or undue burdens placed upon [him] to both obstruct and confound a resolution of the differences between the IRS and plaintiff, always to the detriment of [him]." Plaintiff does not go into detail regarding his purported requests for administrative review. Specifically, he neglects to plead that he has fulfilled the jurisdictional time requirements set forth in § 6532 (a)(1).[1] It is plaintiff's obligation to set forth

---

[1] Section 6532(a)(1) states, in pertinent part: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

his fulfillment of the jurisdictional requirements before bringing suit in this Court. As plaintiff has not done so, the Court finds that it lacks jurisdiction over this matter at this time.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** for lack of jurisdiction. See Fed.R.Civ.P. 12(h)(3).

Dated this 11th day of February, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE